UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACEY R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C18-5966 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income (SSI). Plaintiff contends the ALJ erred by rejecting his testimony, a lay witness' testimony, and three medical opinions, and by accepting two other medical opinions. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## I.    BACKGROUND

Plaintiff is currently 41 years old, has a high school education, and had no past relevant work before applying for SSI. Dkt. 8, Admin. Record (AR) 1379. After multiple ALJ decisions and district court remands, the ALJ issued a decision in July 2018 finding Plaintiff not disabled. AR 1362-81. The ALJ considered the period from the June 2008 application date through

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

December 2015 because in January 2016 Plaintiff began substantial gainful work, which is inconsistent with disability benefits. AR 1365-66.

Utilizing the disability evaluation process outlined in 20 C.F.R. § 416.920, the ALJ found that Plaintiff worked from 2011 through 2015, but that his earnings remained just below the level of substantial gainful activity. AR 1365. During the relevant period from June 2008 through December 2015, Plaintiff had the severe impairments of seizure disorder, lumbar spine degenerative disc disease and degenerative joint disease with right radiculopathy, thoracic spine congenital fusion of T9 and T10, attention deficit hyperactivity disorder (ADHD), bipolar disorder, generalized anxiety disorder, and personality disorder. AR 1366. Plaintiff had the residual functional capacity (RFC) to perform light work with additional limits including no commercial driving or exposure to hazards. AR 1368. He could follow short, simple instructions; perform routine, predictable tasks; make simple decisions; handle occasional workplace changes; and have occasional interaction with the general public. *Id*. He could not work in a fast-paced production environment. *Id*. Based on this RFC, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy and therefore was not disabled. AR 1380-81.

## II. DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### A. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

In 2009 and 2010 Function Reports, Plaintiff stated that his impairments affected his neck and back movement, concentration, and memory. AR 198, 281. He could only lift 10 to 15 pounds. AR 286. He could only walk for about 15 to 20 minutes without pain. AR 200, 286. He needed to change positions often. AR 281. In a 2011 hearing, Plaintiff testified that he can only stand or sit for about 20 minutes. AR 62. He got headaches two to three times a week. AR 73. Once every week or two, he had times when he could not stop crying. AR 74. At the time of the 2011 hearing, Plaintiff was working 12 to 20 hours per week at a pizza restaurant. AR 69. He testified that he was physically unable to work full time. AR 75. At the time of a 2015

hearing, Plaintiff was working 12 to 15 hours for the same employer and had been made a manager. AR 997. He testified that when he tried to work more, his physical and emotional condition deteriorated. AR 1019. By the time of a 2018 hearing, Plaintiff was working 30 to 34 hours per week at a convenience store. AR 1405. He testified that he could not have done that job during the relevant period, because of "stabilizing after seizures," being on "heavy medications," and "panic attacks." AR 1412.

The ALJ discounted Plaintiff's testimony based on conflict with his activities, inconsistent statements, and lack of corroborating medical evidence. AR 1370-76. An ALJ may discount a claimant's testimony based on daily activities that either contradict her testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). "An ALJ may consider inconsistent statements by a claimant in assessing her credibility." *Popa v. Berryhill*, 872 F.3d 901, 906–07 (9th Cir. 2017) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)). And, "[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch*, 400 F.3d at 681.

In significant part, the ALJ discounted Plaintiff's allegations of disabling limitations because of his "ability to work during the period at issue" part time at a pizzeria, and to work full time beginning in January 2016 without any major medical change. AR 1375. While Plaintiff testified that he could not have worked more hours at the pizzeria, the ALJ found that he could have worked full time at a job consistent with his RFC.

### 1. Mental Health

There is no dispute that Plaintiff's seizures are controlled effectively with medication. *See* AR 1370-71; Dkt. 14 at 5. Plaintiff argues, however, that the ALJ failed to properly analyze

memory and other cognitive side effects from his seizure medications. Dkt. 12 at 16 (citing AR 71-72, 588). The ALJ found that Plaintiff had "moderate" cognitive and memory limitations and incorporated several mental restrictions in the RFC, but discounted Plaintiff's testimony of more severe limitations based on his activities, including completing college coursework for an associate degree and working part-time as a manager. AR 1367. These activities contradict Plaintiff's testimony of extreme cognitive and memory limitations, and Plaintiff offers no argument otherwise. Plaintiff challenges the ALJ's statement that his marijuana use "raises questions" as to whether cognitive issues are due to medication side effects or marijuana use. Dkt. 12 at 16 (quoting AR 1375). Regardless of whether the ALJ's speculative statement is unfounded, Plaintiff's activities were a clear and convincing reason to discount his allegations of severe cognitive and memory deficits. Plaintiff fails to show any error in the ALJ's handling of cognitive and memory impairments.

The ALJ also discounted Plaintiff's allegations of disabling mental health impairments based on lack of support from objective medical evidence. AR 1372. Plaintiff argues that the ALJ "selectively" cited mental health evidence, but fails to identify any contradictory records or demonstrate that the weight of the evidence contradicts the ALJ's conclusions. Dkt. 12 at 15.

Activities, in addition to lack of supporting objective evidence, were sufficient reasons to discount Plaintiff's mental health testimony.

### 2. Neck/Back Impairments

The ALJ discounted Plaintiff's neck and back pain testimony in part because of mild imaging and examination findings. AR 1371.[1] Plaintiff argues that the ALJ is "not a physician

---

[1] Some evidence the ALJ cited did not support his conclusions. For example, negative x-rays are not informative when the alleged impairments involve soft tissues. *See* AR 1371, 531. And

[and] not qualified" to determine that MRI scans were "'essentially benign.'" Dkt. 12 at 15 (quoting AR 1371). Plaintiff's argument fails. The ALJ did not make his own medical determination, but relied on the doctors' own descriptions of the MRI results as "[m]ild" and "negative." *See* AR 1357. Ironically, in his reply brief Plaintiff cites raw medical data found in a treatment record, such as "positive right SLR and positive crossed left SLR," and argues that the ALJ erred by "failing to acknowledge" them. Dkt. 14 at 6-7 (citing AR 1651). It is not the ALJ's role to interpret raw medical data. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (An ALJ, "who was not qualified as a medical expert, should not have gone outside the record to medical textbooks for the purpose of making his own exploration and assessment as to claimant's physical condition."). Plaintiff also argues that the same treatment record shows that his neurosurgeon opined that his "MRI showed pathology that *might* need to be treated with surgery." Dkt. 12 at 15 (emphasis added) (citing AR 1651). The neurosurgeon discussed treatment options with Plaintiff, "including the option of surgery," but did not recommend surgery or opine that surgery was the best option. AR 1651. The treatment record concludes with the decision that Plaintiff will proceed with "conservative measures such as an epidural steroid injection." AR 1651. This evidence does not "contradict the ALJ's analysis," as Plaintiff contends. *See* Dkt. 14 at 7. The doctor, based on his training and expertise, interpreted the raw medical data Plaintiff cites, and concluded that conservative measures were adequate for the time being. This conclusion supports rather than undermines the ALJ's decision. Plaintiff has shown

---

normal gait across a doctor's office does not contradict Plaintiff's testimony of pain after walking for 20 minutes. *See* AR 1371-72, AR 297. Regardless, the ALJ provided sufficient other medical evidence, such as MRI results, to support the finding that the objective medical evidence failed to substantiate Plaintiff's symptom testimony.

no error. Lack of supporting medical evidence was thus a valid reason supporting the ALJ's discounting of Plaintiff's testimony on neck and back pain.

The ALJ also discounted Plaintiff's neck and back pain testimony based on his activities. AR 1374-75. For example, in 2014 Plaintiff reported that he "stands for long periods" at work, contradicting his testimony that he cannot stand for more than 20 minutes. AR 1304. In 2011, Plaintiff "lifted some heavy tables," which only "set him back slightly." AR 1273. This tended to contradict his reported inability to lift more than 10 to 15 pounds. Playing softball and basketball, reported consistently throughout the record, also contradicted his allegations of disabling neck and back pain. *See*, *e.g.*, AR 708, 772. Plaintiff argues that playing softball and basketball does not contradict his testimony because, on one occasion in 2009, he reported "muscular soreness" after playing basketball and because in 2010 he reported playing softball weekly, sometimes taking a "couple weeks' break" due to pain. Dkt. 14 at 8 (citing AR 664, 285). This argument, which borders on frivolous, is not sufficient to overturn the ALJ's rational interpretation of the record. *See Burch*, 400 F.3d at 680-81. The ALJ relied on numerous reports of Plaintiff playing basketball and softball regularly with little to no report of pain. *See*, *e.g.*, AR 667 ("playing basketball 1x per week (40 minutes) without increased symptoms"). Both sports are physically demanding, require extensive use of the neck and back, and can cause muscular soreness even in healthy individuals.

Activities, together with lack of supporting objective evidence, were sufficient reasons to discount Plaintiff's testimony on neck and back pain.

**3.     Inconsistent Statements**

The ALJ also discounted Plaintiff's testimony because of evidence that Plaintiff exaggerated his symptoms. AR 1374. During a July 2015 physical therapy evaluation, Plaintiff

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

demonstrated "pain behaviors during testing [that were] not observed during entry into" the appointment. AR 1344. "Other deviations" were also observed. *Id*. Range of motion was "inconsistent in testing situations," varying "at least 20-30 degrees." *Id*. Plaintiff's only argument is that all the inconsistencies the ALJ cited occurred during this evaluation, and the physical therapist concluded that Plaintiff "had many limitations consistent with his complaints." Dkt. 12 at 15. Plaintiff's argument fails. First, the ALJ may rely on evidence of exaggeration even if it only occurs once; there is no caselaw or regulation supporting the proposition that a claimant must be shown to have exaggerated on at least two occasions. Even if there were any support for such a proposition, the ALJ cited other inconsistencies, such as Plaintiff's functional activity level of 8 out of 10 with medication contradicting his allegations of disabling limitations. *See* AR 1328. Second, the physical therapist's "Assessment" section only describes—aside from Plaintiff's self-reported symptoms—decreased range of motion, which "varied during [testing]," and "tenderness to palpation." AR 1346. This mild assessment does not support Plaintiff's claims of disabling limitations. Inconsistent statements and evidence of symptom exaggeration was another clear and convincing reason to discount Plaintiff's testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.      Medical Opinions**

In a 2017 order reversing and remanding a 2016 ALJ decision, this court upheld the ALJ's discounting of several medical opinions that Plaintiff again challenges. AR 1477-92; Dkt. 12. The law of the case doctrine, which applies in social security cases, "generally prohibits a court from considering an issue that has already been decided by that same court" unless "the evidence on remand is substantially different, … the controlling law has changed, or … applying the doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Plaintiff

argues that this court's ruling on the challenged opinions "was both dictum and an improper *post hoc* rationale."[2] Dkt. 14 at 2. Neither of those characterizations, even if true, would be an exception to the law of the case doctrine. Plaintiff argues that the Appeals Council vacated the 2016 ALJ decision on remand but, again, this is not an exception to the law of the case doctrine. *Id*. The issues—challenges to discounting certain medical opinions—have already been decided by this court.

Plaintiff also argues that the ALJ erred in light of *Buck v. Berryhill*, which was a "change in the law." *Id.* (citing 869 F.3d 1040, 1049 (9th Cir. 2017)). *Buck* did not alter the law. Prior Ninth Circuit precedent already established that an ALJ may not reject an examining doctor's mental health opinions based on the doctor's reliance on a claimant's self-reports when the doctor's opinions are supported by objective measures, such as observations from a mental status examination, and the doctor does not question the patient's credibility. *See Ryan v. Commissioner of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999).

Finally, Plaintiff argues that the ALJ's failure to address "moderate" limitations in the challenged opinions was not addressed by this court. Dkt. 14 at 3. But Plaintiff fails to make any argument whatsoever that the opined moderate limitations would require any additional limitations in the RFC. *See Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.

---

[2] Plaintiff's counsel is advised to review the difference between a *post hoc* rationale and harmless error analysis.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9

2008) (declining to address issues not argued with specificity in briefing); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (party must argue an issue "specifically and distinctly" to invoke this court's review). Plaintiff has shown no error.

The law of the case doctrine precludes Plaintiff's challenges to the ALJ's discounting of the April 2008, May 2009, and November 2010 opinions of Terilee Wingate, Ph.D., and the May 2010 opinion of Bill Wilson; and to the ALJ's acceptance of the state agency non-examining doctors' opinions. *See* AR 1482-83, 1487-88, 1486-87. The only remaining medical opinions that Plaintiff contends the ALJ erred by rejecting are those of Tasmyn Bowes, Psy.D.

**1.     Dr. Bowes**

An ALJ may only reject the contradicted opinion of an examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

In April 2010 and October 2011, examining psychologist Dr. Bowes filled out Psychological/Psychiatric Evaluation forms. AR 772-79, 947-52. In 2010, Dr. Bowes opined only mild to moderate limitations in work-related functions, and the ALJ accepted those opinions. AR 777, 1377. In 2011, Dr. Bowes opined mostly mild to moderate limitations, which the ALJ again accepted, but opined that Plaintiff had marked limitations in the abilities to take appropriate precautions for normal hazards, communicate and perform effectively in a job with public contact, and maintain appropriate behavior at work. AR 951, 1377. The ALJ rejected the marked limitations as inconsistent with Plaintiff's activities and contradicted by the lack of clinical abnormalities in Dr. Bowes' examination. AR 1377. The ALJ also stated that "the opinion does not specifically describe the claimant's level of functioning as terms such as 'moderate' and 'marked' are vague and not in vocational terms." AR 1377. This statement makes little sense, because Dr. Bowes filled out standardized forms commonly used in social

security determinations, with terms such as "moderate" and "marked" provided on the form. The same terms were used in the check-box forms filled out by state agency doctors whose opinions the ALJ accepted. *See*, *e.g.*, AR 721-22, 1377. However, because the ALJ provided specific and legitimate reasons to reject Dr. Bowes' opined marked limitations, any error is harmless. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination")

### a. Activities

Conflict with a claimant's activities is a specific and legitimate reason to reject a doctor's opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (inconsistency with the claimant's actual work activity is a proper reason to reject a medical opinion). The ALJ cited activities such as completing college coursework for an associate degree, playing organized team sports, part-time employment as a manager, and "deal[ing] with supervisors, coaches and teachers." AR 1377.

Plaintiff argues that college coursework does not contradict Dr. Bowes' opinions because he could only take one course at a time and passed his classes "by D- grade." AR 797; Dkt. 12 at 7. Yet Plaintiff reported that he graduated from community college in 2009 and "did great" in school. AR 1010-11, 606, 705. It is the ALJ's responsibility to resolve conflicting evidence. *Andrews*, 53 F.3d at 1039. The ALJ's finding that Plaintiff's mental impairments did not prevent him from successfully completing a degree was a rational interpretation of the record and supported by substantial evidence. The ALJ's conclusion that this accomplishment contradicted Dr. Bowes' opinion that Plaintiff had marked difficulty in, for example, maintaining appropriate behavior or communicating effectively was a specific and legitimate reason to discount Dr. Bowes' opinions.

ORDER AFFIRMING THE
COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 11

Plaintiff also asserts that he had "limited participation" in team sports and "there is no evidence" he dealt with coaches or "how well" he dealt with teachers. Dkt. 14 at 3. Plaintiff reported playing on sports teams, which was substantial evidence supporting the ALJ's findings. AR 708. The ALJ reasonably inferred that Plaintiff dealt with coaches as a member of a team, and that Plaintiff dealt with teachers well enough to complete a degree. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

Plaintiff does not challenge the ALJ's finding that his work as a manager undermined Dr. Bowes' opined marked limitations.

Plaintiff's activities were a specific and legitimate reason to discount Dr. Bowes' opinions.

### b. Clinical Findings

Incongruity between a treating physician's opinions and her own medical records is a "specific and legitimate reason for rejecting" the opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ cited examples of cooperative behavior and normal cognitive results. AR 1377. Plaintiff cites Dr. Bowes' observations from the 2010 examination such as psychomotor agitation, concentration difficulties, irritability, and angry outbursts. Dkt. 14 at 3-4. But in 2010 Dr. Bowes opined only mild to moderate limitations. Similar observations in the 2011 examination could not be the basis for the more severe marked limitations. Plaintiff has shown no error.

Lack of clinical abnormalities, in addition to conflict with Plaintiff's activities, were specific and legitimate reasons to discount Dr. Bowes' opinions. The Court concludes the ALJ did not err by discounting the opinions.

### 2. Other Medical Evidence

Plaintiff's opening brief includes five pages describing portions of the medical record, concluding with the bare assertion that this evidence "support[s] his testimony." Dkt. 12 at 8-13. This assertion does not meet Plaintiff's burden to demonstrate error, it does not constitute an argument, and the Court will not consider it further. *See Carmickle*, 533 F.3d at 1161 n.2 (noting that the court "'ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief'") (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2008)); *see also Molina*, 674 F.3d at 1111 (the burden of showing harmful error falls on the party attacking an agency's determination) (citing *Shinseki*, 556 U.S. at 409).

## C. Lay Witness

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). In 2009, Plaintiff's partner filled out a Function Report describing limitations similar to Plaintiff's testimony. AR 240. The ALJ discounted her statements as inconsistent with objective medical evidence and Plaintiff's activities, such as attending college and working part-time. AR 1379. Just as those reasons were sufficient to discount Plaintiff's testimony, they were sufficient to discount his partner's lay witness statement. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence and activities of daily living are germane reasons for discrediting lay witness testimony); *Valentine*, 574 F.3d at 694 (holding that if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).

### III. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 25th day of September, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge